C. B. McNeil
District Judge
Lake County Courthouse
106 Fourth Avenue East
Polson, MT 69860-2171
Telephone: (406) 883-7250

**MONTANA TWENTIETH JUDICIAL DISTRICT COURT, SANDERS COUNTY**

| | | |
|---|---|---|
| KATHERINE GAIL DURBIN and PHIL F. DURBIN, | * * * | CAUSE NO. DV-93-91 |
| Plaintiffs, | * * | |
| vs. | * * | ORDER **GRANTING** MOTION **FOR** SUMMARY |
| BARBARA ROSS, an individual, d/b/a ROSS **REALTY; LYNNE** PIAZZOLA, an individual; **WAYNE** A. SHRRRILL and **RACHEL SHERRILL,** individuals: and MICHAEL J. SHRRRILL, an individual, | * * * * * * * * | **JUDGMENT** and **SUMMARY JUDGMENT** |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the Court April 25, 1995 for hearing on the Motion for Summary Judgment of Defendant Barbara Ross, d/b/a Ross Realty, and **Lynne** Piazzola (hereinafter the "Realtor Defendants"). Attorney Don Snavely appeared on behalf of the Plaintiffs, Katherine Gail Durbin and Phil **F.** Durbin. Attorneys Tracy Axelberg and Gary Kalkstein appeared on behalf of said Realtor Defendants. Defendants Wayne A. Sherrill, Rachel Sherrill and Michael J. Sherrill (hereinafter the "Seller Defendants") did not appear and have not appeared in this action. Said Seller **Defendants'** default has been taken by the Plaintiffs.

The Court, having considered the briefs submitted **by the** parties, the affidavits and record before the Court and arguments of counsel, enters the following:

## SUMMARY JUDGMENT

**1.** The Realtor Defendants' Motion for Summary Judgment is hereby granted.

**2.** Summary judgment against Plaintiffs and in favor of said Realtor Defendants is hereby awarded upon all claims in Plaintiffs' Complaint against said individual Realtor Defendants.

**3.** Pursuant to Rule 54(b), **M.R.Civ.Pro.,** final judgment is hereby directed to be entered against the Plaintiffs and in favor of the Realtor Defendants as to all claims asserted in Plaintiffs' Complaint against said Realtor Defendants individually, and the Court determines that there is no just reason for delay of entry of such judgment.

**4.** This summary judgment does not in any manner affect the default previously entered by Plaintiffs against the Seller Defendants nor does it affect Plaintiffs' right to obtain default judgment against said Seller Defendants for all claims in Plaintiffs' Complaint for damages caused by the Seller Defendants as well as those caused by the Realtor Defendants as agents for said Seller Defendants.

## Opinion

The Realtor Defendants are entitled to summary judgment pursuant to Rule 56, **M.R.Civ.Pro.** only if there are no genuine issues as to any material facts and only if said defendants are entitled to judgment as a matter of law.

Uncontested *Facts*

1. The Agreed Facts, Paragraphs 1-4 from the Pretrial Order dated April 4, 1995 and filed April 11, 1995, are incorporated herein by reference.

*2.* The Realtor Defendants were the agents of the Seller Defendants.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT • Page 2

**3.** The Default of each of the Seller Defendants was entered February 2, 1994, **pursuant to Rule 55(a), M.R.Civ.Pro.**

**4.** The Plaintiffs are entitled to, but have not yet sought, judgment by default against said Seller Defendants, pursuant to Rule 55(b), **M.R.Civ.Pro.,** for all claims asserted in Plaintiffs' Complaint against said Seller Defendants.

**5.** During pretrial discovery the Plaintiffs had designated an **expert realtor** witness, but **by** letter dated February 17, 1995 (Exhibit **"A"** to Realtor Defendants' summary judgment motion), Plaintiffs withdrew said expert witness and advised that no specific real estate expert witness would be called by Plaintiffs at trial.

**6.** At oral argument opposing the Realtor Defendants' summary judgment motion, Plaintiffs confirmed that they did not **have** and did not need a realty expert witness to establish any standard of care owed by the Realtor Defendants, as the sellers' agent-broker, to the Plaintiffs as buyers of the real property in question.

**7.** The cause was set for trial to commence May 1, 1995 and discovery has closed, the deadline for exchange of expert witnesses and summaries of their testimony has passed and no motions were made for the extension of time or the addition of witnesses.

**Controlling Law**

Plaintiffs are entitled, **as** a matter of law, to judgment against the Seller Defendants for any and all damages arising out of the real estate transaction herein involved. This includes damages not only resulting from the Seller Defendants' conduct but also for those damages suffered by Plaintiffs resulting from any intentional or negligent misrepresentations by the Realtor Defendants acting as the sellers' agent **as** well as any constructive fraud **or** statutory

violations by said Realtor Defendants in their capacity as the sellers' agent.

However, the Court holds that in order for the Realtor Defendants to be found personally liable as individuals for their conduct toward the plaintiffs-purchasers, the Plaintiffs must first establish a duty owed by the sellers' broker to the purchasers and that the standard of care relating to such duty and a breach thereof must be established by expert testimony as a matter of law.

In support of the Realtor Defendants' summary judgment motion, a series of cases are cited, incorporated herein by reference, for the proposition that expert testimony is essential to establish the standard of care and a breach thereof in professional negligence actions and that is the established law of Montana. Although most of the cases deal with medical doctor and lawyer malpractice, the principle extends to other professional fields, and the Court herein holds is likewise applicable to the equivalent of realtor malpractice.

In arguing that the Plaintiffs do not need expert witness testimony to establish any duty or standard of care, Plaintiffs disavow that their claims are based upon the breach of professional responsibility on the part of the Realtor Defendants and instead **assert** that Plaintiffs' claims are based simply upon allegations of fraud, negligent and intentional misrepresentations and statutory violations for which no expert witness testimony is needed relative to the issues **of** duty and standard of care. The Court does not accept such argument.

The only causal connection between the Plaintiffs as buyers of the realty and the Realtor Defendants is the agreement for the sale of the property by the Seller Defendants to the Plaintiffs. The Realtor Defendants acted as

the sellers' agent for the transaction and in that capacity have a professional responsibility which is the sole basis of any liability on their part.

In opposing the Realtor Defendants' summary judgment motion, the Plaintiffs rely principally upon the case of *Wagner v. Cutler,* 232 Mont. 332, 757 **P.2d** 779 (1988). The Court herein does specifically follow the *Wagner* **case** and holds that expert testimony is not required to establish the standard of care owed by the seller of realty to the purchaser and the Seller Defendants are liable for all damages suffered by the plaintiffs-purchasers whether caused by the conduct **of** the sellers or their realtor agents without the necessity of expert testimony.

However, the issue raised by the summary judgment motion. herein was not an issue in the *Wagner* **case.** The realtor was not a party to that action and the issue of individual liability of a sellers' realtor-agent to the buyer was not raised in *Wagner* nor in any other authority cited by the Plaintiffs in opposing the instant motion.

Most professional liability actions arise out of claims by a patient against his own doctor or a client against his own attorney. In this case the professional responsibility of the realtor to his principal, the seller, is clear as is the duty owed by the seller to the buyer. What is not so clear is the individual and personal duty, if any, owed by the realtor to the buyer, the standard of care and whether there has been a breach of any such duty. Those issues must be established by expert witness testimony.

The Court recognizes that in most routine real estate transactions there usually is but one professional **realtor-**broker who is most commonly the agent of the seller. It also is **well** established law that a seller is held responsible for

representations of the sellers' agent-broker made to the purchasers. Sec. 28-10-602, MCA. *Wagner* so held as does this Court herein.

In this case the plaintiffs-purchasers also seek damages for alleged breaches of the Realtor Defendants professional responsibility beyond that of the Seller Defendants as the responsible principal and extend liability directly to the Realtor Defendants individually and personally. This Court also holds that in order for the plaintiffs-purchasers to establish individual, personal liability on the part of the sellers' agent-broker, the Plaintiffs must first establish a duty owed by the sellers' agent to the buyer, the standard of care owed by the sellers' agent to the buyer and a breach of that standard and that such duty, standard of care and breach thereof must be established by expert witness testimony as in any professional liability action,

The Court finds that there are no genuine issues as to any material facts. The Seller Defendants are liable to the plaintiffs-purchasers whether caused directly by said Seller Defendants or by their agents, the Realtor Defendants.

The Plaintiffs failed to produce a realtor expert to establish a duty, standard of care and a breach of duty on the part of the individual Realtor Defendants personally, and summary judgment is therefore granted as a matter of law.

DATED this 3rd day of May, 1995.

**C.B. McNEIL**

_____
C. B. McNeil
District Judge

5/3/95
Copies to:
Don Snavely
Tracy Axelberg
Gary Kalkstein
vs

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT • Page 6

HONORABLE C.B. McNEIL
District Court Judge
Lake County Courthouse
Polson, Montana 59860
Phone (406) 883-6211 Ext. 308

MONTANA TWENTIETH JUDICIAL DISTRICT COURT, SANDERS COUNTY

---

| | |
|---|---|
| KATHERINE GAIL DURBIN and PHIL F. DURBIN, individuals, | ) Cause No. DV 93-91 |
| Plaintiffs, | ) |
| -vs- | ) |
| | ) PRETRIAL ORDER |
| BARBARA ROSS, an individual, d/b/a ROSS REALTY; LYNNE PIAZZOLA, an individual; WAYNE A. SHERRILL and RACHEL SHERRILL, individuals; and MICHAEL J. SHERRILL, au individual, | ) |
| Defendants. | ) |

---

Pursuant to Rule 16 of the Montana Rules of Civil Procedure, a pre-trial conference was held in the above-entitled cause. Donald V. Snavely represented Plaintiffs Phil and Katherine Durbin (the "Durbins"). Tracy Axelberg and Gary Kalkstein represented Defendants Barbara Ross and Lynne Piazzola (the "Realtor Defendants"). The defaults of Defendants Wayne and Rachel Sherrill and Michael Sherrill (the "Sherrills") have been entered for their failure to appear as required by

**PRETRIAL ORDER** Page **1**

law. The Sherrills did not participate in the preparation of this Pretrial Order.

The Court hereby enters the following Pretrial Order in this action pursuant to agreement of the parties.

## *AGREED FACTS*

The following facts are admitted, agreed to be true, and require no proof:

1.     Plaintiffs Phil and Katherine "Gail" Durbin are husband and wife. On April 26, 1993 the Durbins purchased for the sum of $35,000.00 a piece 'of property consisting of 20 acres and a single-family residence located at 209 Upper River Road, Heron, Montana (the "Property") from Defendants Wayne, Rachel and Michael Sherrill, the sellers of the Property.

2.     Defendants Wayne and Rachel Sherrill and their children resided on the Property from May of 1987 until they sold the Property to the Durbins. Defendant Michael Sherrill resided on the Property for part of that time.

3.     Defendants Lynne Piazzola and Barbara Ross are real estate agents licensed by the State of Montana. Lynne Piazzola is a licensed sales agent and was the listing and sales agent for the sale of the Property to the Durbins. Barbara Ross was the supervising broker for Defendant Piazzola for this sale. Defendants Piazzola and Ross both worked for Ross Realty, a real estate office located in Noxon, Montana. Defendant Ross was the owner of Ross Realty at the time of-this sale.

4.     This case involves claims by Plaintiffs Durbin that the condition of the Property was misrepresented to them. The Durbins contend, among other things, that the septic system, household water system, and other aspects of the Property were not accurately represented by the Defendants. Defendants Ross and Piazzola deny these

PRETRIAL ORDER                                                                Page **2**

contentions. Defendants Ross and Piazzola contend, among other things, that they did not make any misrepresentations to the Durbins. The various contentions of the parties are explained in more detail below. The purpose of this trial will be to resolve the various factual disputes between the parties regarding the sale of the Property.

## *PLAINTIFFS' CONTENTIONS*

Plaintiffs Durbin contend as follows:

1. <u>Plaintiffs' General Factual Contentions:</u> The Durbins contend that during the sale negotiations the Realtor Defendants told them things about the Property which were not true. The Durbins further contend that during the sale negotiations the Realtor Defendants failed to tell them other important facts about the Property which were important to normal home buyers. In general, the Realtor Defendants told the Durbins that the Property was in good condition and was only in need of cosmetic repairs. In fact, there were several major problems with the Property.

The Durbins were told that the Property had a legal septic system with a 750 gallon septic tank. 'In fact, there was no septic tank, and the sewage drained into an approximate 200 gallon dry well with no drain field. The sewage disposal system was not operable and needed to be completely replaced. In addition, raw sewage from the system ran out on to the surface of the ground, which was a serious health hazard for residents of the Property.

The Durbins were told that the household water was provided by a seep well located on the Property and that the water was safe for all household purposes except drinking. In fact, the water from this well was contaminated with coliform bacteria and was not safe for any household purposes.

The Realtor Defendants told the Durbins that the westerly boundary of the Property ran along an existing fence line. In fact, this fence line was as much as 45 feet on to the neighbor's property. An access road which ran along the fence line to the back of the Property was located on the neighbor's property as well.

The Realtor Defendants failed to disclose to the Durbins that there were several plumbing problems in the house. There were no hot water pipes and no running hot water. The drain pipes for the washer were not connected to the sewer lines and drained on to the surface of the ground underneath the house.

Plaintiffs Durbin contend that the Realtor Defendants knew or should have know about the problems with the Property. The Durbins contend that even, if the Realtor Defendants did not know about these problems, they spoke as if they knew what they were talking about, yet they failed to check out any of the important information before they passed it on to the Durbins.

Plaintiffs Durbin contend that they have suffered damages as a result of the Defendants' conduct. They have repaired defects in the Property, including installation of a new septic system, installation of a new water well, repair of the plumbing problems, and repair of other defects in the home. They will also incur expenses to install a roadway to the back of the Property. The Durbins have suffered serious stress, strain, anxiety and other emotional distress as a result of the Defendants' misrepresentations. The amount of these damages will be proven during the trial of this case. The Durbins also seek treble damages and attorney's fees under the Montana Consumer Protection Act because of the unfair and deceptive acts of the Realtor Defendants. The Durbins may also seek punitive damages for any fraudulent or malicious conduct of the Defendants proven during the trial.

**PRETRIAL ORDER**                                                    Page **4**

## 2. Plaintiffs' General Legal Contentions:

A.     The Defendants are liable for intentionally misrepresenting important facts about the Property to Plaintiffs. The Defendants are also liable for intentionally concealing facts about the Property from Plaintiffs, knowing that these facts were important to Plaintiffs and would be for any normal purchaser.

B.     Alternatively, the Defendants are liable for negligently misrepresenting important facts about the Property 'to Plaintiffs, even if they believed their statements to be true, because they failed to exercise reasonable care in investigating the truth of the facts which they represented to Plaintiffs and failed to exercise reasonable care in communicating   information   to   Plaintiffs.

C.     The Defendants are liable for constructive fraud by failing to disclose to Plaintiffs important information about the Property which they had reason to know would affect the value or desirability of the Property to Plaintiffs and any normal purchaser.

D.     The Realtor Defendants are liable for violating the Montana real estate licensing laws, including M.C.A. §§ 37-51-321 and A.R.M. §§ 8.58.419(3), by among other things misrepresenting facts and concealing information about the Property, by failing to adequately investigate the truth of the information which they conveyed to Plaintiffs, by failing to refer Plaintiffs to an independent attorney or advisor, and by generally failing to act competently in the transaction.

E. The real estate agents and their employers are liable for violating the Montana Consumer Protection Act [M.C.A. §§ 30-14-101 et seq] by (a) committing unfair and deceptive acts [false statements and non-disclosures of important facts about the Property], (b) in the conduct of their businesses, (c) by which Plaintiffs suffered an

ascertainable loss of money, (d) in a transaction in which Plaintiffs engaged primarily for personal, family or household purposes. Plaintiffs are thus entitled to an award of three times their damages plus reasonable attorneys' fees.

F. Plaintiffs are entitled to an award of punitive damages should the conduct of the Defendants, or any of them, be found by the jury to be fraudulent or malicious as provided in M.C.A. § 27-1-221.

## *DEFENDANT??* **CONTENTIONS**

Defendants Ross and Piazzola contend as follows:

1. Defendants Ross and Piazzola dispute all of Plaintiffs' contentions.

2. The Plaintiffs have failed to mitigate their damages.

3. Plaintiffs' damages, if any, were caused by Plaintiffs' own actions and inactions constituting negligence.

4. Defendants Ross and Piazzola dispute the nature and amount of damages claimed by Plaintiffs.

5. Defendants Ross and Piazzola deny liability on each and every theory of liability alleged by Plaintiffs.

6. Plaintiffs independently inspected the Property and met with the Sherrills to discuss and examine the property on several occasions without Lynne Piazzola and made an informed purchase of the Property based on those inspections and discussions with Defendants Sherrill.

7. Defendant Piazzola performed a diligent inspection of the Property and disclosed to the Plaintiffs all information gleaned as a result of that inspection as well as information gleaned from her conversations with Wayne and Rachel Sherrill.

8. Plaintiffs knew or should have known of the condition of the Property based on their own inspections and independent visits with the sellers.

9. Plaintiffs were fully informed of the Property's shortcomings and those shortcomings were disclosed by the sellers and were reflected in the purchase price of the Property.

10. The alleged violations of the Montana Licensing laws are not actionable because this Court lacks jurisdiction over the subject matter of such a determination and a violation of those laws does not give rise to a claim for civil damages,

11. The Montana Consumer Protection Act does not apply to any of the claims of the Plaintiffs levied against the Realtor Defendants.

12. Most if not all of the repairs undertaken by the Plaintiffs were improvements required for refinancing and/or to enhance the value of the Property by an amount equal to or exceeding their cost.

13. The property and residence purchased by Plaintiffs from Defendants Sherrill had an actual Fair Market Value at or above the purchase price of $35,000.00.

## *EXHIBITS*

Attached to this Pre-trial Order are exhibit lists for each party, identifying by number and brief description each exhibit which that party intends to offer on its case-in-chief and stating any objections by the other parties to the exhibits. Any exhibit offered at the trial to which no objection was made in the Pre-trial Order will be admitted into evidence.' The parties reserve the right to supplement their exhibit lists at or prior to trial, subject to any objections of the other parties.

# *WITNESSES*

The following witnesses may be called to testify on the parties' cases-in-chief:

A.    Plaintiffs

1.    Calkins, Kathy -- Wisdom, Montana

2.    Durbin, Gail -- Heron, Montana

3.    Durbin, Josette -- Heron, Montana

4.    Durbin, Phil -- Heron, Montana

5.    Fallon, Marshall -- Noxon, Montana

6.    Hilt, Jim -- Noxon, Montana

7.    Hudson, Jim -- Heron, Montana    *- Boys of fescas*

8.    Hudson, Trish ---Heron, Montana

9.    Kiefer, Bobbie -- Heron, Montana

10.    Kiefer, John -- Heron, Montana

11.    Lamruth, Robert -- Clark Fork, Idaho

12.    Larson, Kathy -- Noxon, Montana

13.    Piazzola, Lynne -- Noxon, Montana

14.    Ross, Barbara -- Noxon, Montana

15.    Shannon, Jon -- Missoula, Montana (Expert)

16.    Simonson, Darryl -- Noxon, Montana

17.    Sorlie, Dell -- Trout Creek, Montana

18.    Tionovich, Phil -- Bonners Ferry, Idaho

19.    Foundational witness from Mt. Environmental Laboratory (if needed)

19.    Any witnesses listed by the Defendants

20.    Any rebuttal witnesses

21. Any witnesses identified through remaining discovery to be undertaken

B. <u>Defendants</u>

1. Boots, Debbie

2. Burlingame, Claude

3. Compton, Kent

4. Crisp, Ken (expert)

5. Dominick, Bruce

6. Durbin, Gail

7. Durbin, Josette

8. Durbin, Phil

9. Fitch, Dan

10. Foss, Merilynn (expert)

11. Hilt, Jim

12. Ivers, Jan

13. Moats, Ralph

14. Moats, Sandy

15. Nichol, Peggy

16. Norton, Larry

17. Piazzola, Lynne

18. Ross, Barbara

19. Russell, Ron

20. Sherrill, Michael

21. Sherrill, Rachel (or by deposition)

22.     Sherrill, Wayne (or by deposition)

23.     Simonson, Darryl

24.     Slomski, Robert

25.     Sorlie, Dell

26.     Mrs. Swant

27.     Whittenberg, Dan

28.     Willis, Russ

29.     Woods, Bill

30.     Any witnesses listed by the Plaintiffs; and

31.     Such witnesses as are needed for rebuttal.

32.     Any witnesses identified through the remaining discovery to be
undertaken.

## ISSUES OF FACT

All issues of fact encompassed by the parties' contentions (except those stated in the Agreed Facts) remain to be litigated at trial.

## ISSUES OF LAW

All issues of law encompassed by the parties' contentions remain to be litigated at trial and will be resolved by the Court's settlement of jury instructions or in ruling upon the pretrial motions referenced below.

# DISCOVERY

The final Pre-trial Order shall refer to all those portions of depositions upon oral examination and interrogatories, requests for admissions, and answers and responses that the parties intend to introduce into evidence. Any objections to the use of the above documents shall be stated, and if not stated, shall be deemed waived. (Because this Rule relates to filing and is designed to consolidate in one place all of the fruits of discovery, and because there can be no surprise element involved, the Court shall be liberal in permitting the amendment of the Pre-trial Order to include any material not originally listed.)

At this time, the parties only intend to use at trial fruits of discovery for the purpose of impeachment. The parties reserve the right to use any discovery as substantive evidence as permitted by law. The Realtor Defendants intend to use the depositions of Wayne and Rachel Sherrill as substantive evidence. Plaintiffs object to the use of these depositions for any purpose at trial on the following grounds: (1) no foundation has been established for their use under Rule 32, M.R.Civ.P.; (2) use of these depositions, from critical witnesses, would deprive Plaintiffs' of their constitutional rights of confrontation and cross-examination of adverse witnesses; (3) the depositions should be excluded under Rule 611(e), M.R.Evid., and <u>Bonamarte v. Bonamarte,</u> 263 Mont. 170, 866 P.2d 1132, 1136 (Mt. 1994) as denying Plaintiffs effective confrontation and cross-examination of adverse witnesses; (4) all of the deposition testimony is hearsay evidence without circumstantial guarantees of trustworthiness; (5) the Realtor Defendants have failed to specifically identify which specific portions of the depositions will be utilized, as required by the applicable procedural rules, and thereby prevented Plaintiffs from raising objections to inadmissible testimony; (6) all questions asked by

counsel for the Realtor Defendants were leading and improper as these witnesses are not adverse to the Realtor Defendants; (7) Plaintiffs restate their objections to testimony as set forth in the deposition transcripts; and (8) the depositions should be excluded under Rule 403, M.R.Evid. as their probative value is exceeded by the potential for jury misuse in that the jury does not have the opportunity to assess the credibility of these witnesses through live testimony.

### ADDITIONAL, **PRE-TRIAL** DISCOVERY

The parties have agreed to complete discovery by April 14, 1995. At the present time Plaintiffs do not anticipate any further depositions. The Defendants anticipate deposing a few additional percipient witnesses and Plaintiffs' expert and will be allowed to perform an inspection of Plaintiffs' Property with their expert realtor prior to trial at a time convenient to Plaintiffs and their attorney. Other than supplementation of their responses to prior discovery requests, the parties do not contemplate any additional discovery at this time.

### *STIPULATIONS*

The parties anticipate stipulating to the authenticity of exhibits, subject to any substantive objections (relevancy, hearsay, Rule 403, etc.). No further stipulations are anticipated.

### *DETERMINATION OF LEGAL QUESTIONS IN ADVANCE OF TRIAL*

On March 17, 1995 the Realtor Defendants served a Motion for Summary Judgment. By this motion the Realtor Defendants seek to remove Plaintiffs'

PRETRIAL ORDER

Page 12

professional negligence claim and emotional distress damage claim from this case. Plaintiffs will be opposing this motion on all grounds and contend that the motion should be denied in its entirety. It is Defendants' position that the motion for summary judgment is dispositive and if successful will dispose of this matter in its entirety.

All motions in limine are due to be filed by the parties on April 14, 1995. Both Plaintiffs and Defendants anticipate serving motions in limine.

No further motions are anticipated at this time.

## ADDITIONAL ISSUES

There are no additional issues to be determined prior to trial excepting those framed by the Defendants' summary judgment motion and the parties' motions in limine.

## JURY SELECTION & PROCESS

The trial jury shall consist of twelve (12) jurors and shall be selected in the manner provided by law. Each party shall serve and file proposed jury instructions no later than April 24, 1995, with any written objections to said jury instructions being served and filed by April 28, 1995.

## TRIAL

It is estimated that the case will require 4--5 days for trial. The case will be tried to the Court sitting with a jury, commencing on May 1, 1995 at the Sanders County Courthouse.

IT IS HEREBY ORDERED that this Pre-trial Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS HEREBY ORDERED that all pleadings herein shah be amended to conform to this Pre-trial Order.

DATED this ⅟ 'day of April, 1995.

C.B. McNEIL

_____

HONORABLE   C.B.   McNEIL
District   Court   Judge

*APPROVED AS TO FORM AND CONTENT:*

SNAVELY LAW OFFICES
**Attorneys**   for   Plaintiffs

By: _____
        Donald V. Snavely

AXELBERG & KALKSTEIN, P.L.L.C.
Attorneys   for   Defendants
Ross  &  Piazzola

By: _____
        Tracy Axelberg

FRETRIAL   ORDER                                                        Page   14   ,

KATHERINE GAIL DURBIN and PHIL F.
DURBIN, individuals,

Plaintiffs,

-vs-

CAUSE NO. DV 93-91
DATE: May 1, 1995

BARBARA ROSS, an individual, dba ROSS REALTY;
LYNNE PIAZZOLA, an individual, WAYNE A. SHERRILL
and RACHEL SHERRILL, individuals; and
MICHAEL J. SHERRILL, an individual,

Defendants.

Plaintiffs Katherine Gail Durbin and Phil F. Durbin may offer the following documents and/or things as exhibits on their case-in-chief at the trial of this matter:

| NO. | DESCRIPTION | OBJECT (Y/N) | GROUNDS | ADMIT | REFUSE | RESERVE |
|-----|-------------|--------------|---------|-------|--------|---------|
| 1. | "Country Living" Sheet | NO | | | | |
| 2. | Seller's Property Disclosure Statement | NO | | | | |
| 3. | Photographs (Deposition Exhibits 8A--8FF) | NO | | | | |
| 4. | Bill for Septic Installation | NO | | | | |
| 5. | Bill for Well Installation | NO | | | | |
| 6. | Summary of Expenses to Repair the Defects and Related Expenses (per Rule 1006, M.R. Evid.) | YES | ALL AVAILABLE | | | |
| 7. | Montana Environmental Lab Water Test Report (5/21/93) | YES | FOUN, OPIN, HSAY | | | |
| a. | Lamruth Survey (11/93) | YES | FOUN, HSAY | | | |
| 9. | Shannon Water Test Report (3/95) | YES | ALL AVAILABLE | | | |

CODES FOR OBJECTION

| | |
|---|---|
| 1. REL = RELEVANCY | 5. BE = BEST EVIDENCE |
| 2 403 = M.R.E. 403 | 6 OPIN = OPINION |
| 3. FOUN = FOUNDATION | 7. HSAY = HEARSAY |
| 4. AUTH = AUTHENTICITY | 8. REFERENCES TO NUMBERS ARE TO THE M.R.E |

PLAINTIFFS' EXHIBIT LIST

| NO. | DESCRIPTION | (Y/N) | OBJECT GROUNDS | ADMIT | REFUSE | RESERVE |
|-----|-------------|-------|----------------|-------|--------|---------|
| 10. | Shannon Report | YES | ALL AVAILABLE | | | |
| 11. | Residence Property Data Sheet (Ross Realty) | NO | | | | |
| 12. | Ross Realty Listing Agreement (9/13/91) | NO | | | | |
| 13. | Ross Realty Listing Agreement (2/28/92) | NO | | | | |
| 14. | Ross Realty Listing Agreement (10/29/92) | NO | | | | |
| 15. | Ross to Sherrill Letter (2/28/92) | NO | | | | |
| 16. | Simonson Fact Statement (8/17/93) | YES | REL, BE | | | |
| 17. | Impeachment Exhibits | YES | ALL AVAILABLE | | | |
| 18. | Exhibits Subsequently Discovered | YES | ALL AVAILABLE | | | |

CODES FOR OBJECTION

1. REL = RELEVANCY
2. 403 = M.R.E. 403
3. FOUN = FOUNDATION
4. AUTH = AUTHENTICITY

5. BE = BEST EVIDENCE
6 OPIN = OPINION
7. HSAY = HEARSAY
8. REFERENCES TO NUMBERS ARE TO THE M.R.E

PLAINTIFFS' EXHIBIT LIST

KATHERINE GAIL DURBIN and PHIL F.
DURBIN,    individuals,

Plaintiffs,

-vs-

CAUSE NO. DV 93-91
DATE: May 1, 1995

BARBARA ROSS, an individual, dba ROSS REALTY;
LYNNE PIAZZOLA, an individual, WAYNE A. SHERRILL
and  RACHEL  SHERRILL,  individuals;  and
MICHAEL  J.  SHERRILL,  an  individual,

Defendants.

Defendants  Barbara  Ross  and  Lynne  Piazzola  may  offer  the  following  documents  and/or  things
as  exhibits  on  their  case-inchief  at  the  trial  of  this  matter:

| NO. | DESCRIPTION | OBJECT (Y/N) | GROUNDS | ADMIT | REFUSE | RESERVE |
|---|---|---|---|---|---|---|
| A. | First State Bank Photographs | YES | FOUN, REL | | | |
| B. | First State Bank File re: Durbin Purchase | YES | FOUN, REL, 403, HSAY | | | |
| C. | Certified Weather Records--Heron | YES | FOUN, HSAY | | | |
| D. | Sorlie Estimate, 5/12/93 | NO | | | | |
| E. | First American Title Insurance Co. Commitment for Title Insurance | YES | REL, FOUN, HSAY, 403 | | | |
| F. | Closing Statement, 4/26/93 | NO | | | | |
| G. | Buy-Sell Agreement, 2/24/93 | NO | | | | |
| H. | Hilt Statement, 6/22/93 | NO | | | | |
| I. | Sorlie Invoice, 6/27/93 | NO | | | | |
| J. | Septic Permit Application | NO | | | | |

CODES FOR OBJECTION
1. REL = RELEVANCY                         5. BE = BEST EVIDENCE
2. 403 = M.R.E. 403                        6 OPIN = OPINION
3. FOUN = FOUNDATION                       7. HSAY = HEARSAY
4. AUTH = AUTHENTICITY                     8. REFERENCES TO NUMBERS ARE TO THE M.R.E

DEFENDANTS EXHIBIT LIST                                                    Page 1

| NO. | DESCRIPTION | (Y/N) | OBJECT GROUNDS | ADMIT | REFUSE | RESERVE |
|---|---|---|---|---|---|---|
| K. | Fax from Manley Realty | YES | REL, HSAY | | | |
| L. | Sellers' Property Disclosure Statement | NO | | | | |
| M | Residence Property, Informative Data Sheet and Attachment | NO | | | | |
| N. | Tract Drawing of Plaintiffs' Property | YES | FOUN, AUTH, HSAY | | | |
| O. | Broker Employment Contract (Ross and Sherrill--10/29/92) | NO | | | | |
| P. | Broker Employment Contract (Ross and Sherrill--9/13/91 | NO | | | | |
| Q. | Durbin Policy of Title Insurance | YES | REL, FOUN, HSAY, 403 | | | |
| R. | Gail Durbin Notes of Telephone Conversation on Phonebook Page | NO | | | | |
| S. | Noxon Septic Services Invoice, 4/29/93 | NO | | | | |
| T. | Residential Lease--Linzmaier and Durbin | YES | REL, FOUN, HSAY, 403 | | | |
| U. | Ross Realty Photographs of Property | NO | | | | |
| V. | Broker Employment Contract--Fitch and Ross Realty | YES | REL, FOUN, HSAY, 403 | | | |
| W | Phil Durbin's Criminal File, State of Montana v. Phil Durbin | YES | REL, HSAY, 403, 609 | | | |
| X. | 1993 Calendar (Blank) | NO | | | | |
| Y. | Exhibits for Impeachment | YES | ALL AVAILABLE- . | | | |
| Z. | Any documents uncovered in future discovery | YES | ALL AVAILABLE | | | |

CODES FOR OBJECTION

1. REL = RELEVANCY
2. 403 = M.R.E. 403
3. FOUN = FOUNDATION
4. AUTH = AUTHENTICITY

5. BE = BEST EVIDENCE
6 OPM = OPINION
7. HSAY = HEARSAY
8. REFERENCES TO NUMBERS ARE TO THE M.R.E

KATHERINE GAIL DURBIN and PHIL F.
DURBIN, individuals,

Plaintiffs,

-VS-

CAUSE NO. DV 93-91
DATE: May 1, 1995

BARBARA ROSS, an individual, dba ROSS REALTY;
LYNNE PIAZZOLA, an individual, WAYNE A. SHERRILL
and RACHEL SHERRILL, individuals; and
MICHAEL J. SHERRILL, an individual,

Defendants.

Defendants Barbara Ross and Lynne Piazzola may offer the following documents and/or things as exhibits on their case-in-chief at the trial of this matter:

| NO. | DESCRIPTION | OBJECT (Y/N) | GROUNDS | ADMIT REFUSE RESERVE |
|-----|-------------|--------------|---------|----------------------|
| A. | First State Bank Photographs | YES | FOUN, REL | |
| B. | First State Bank File re: Durbin Purchase | NO | | |
| C. | Certified Weather Records--Heron | YES | FOUN, HSAY | |
| D. | Sorlie Estimate, 5/12/93 | NO | | |
| E. | First American Title Insurance Co. Commitment for Title Insurance | YES | REL, FOUN, HSAY, 403 | |
| F. | Closing Statement, 4/26/93 | NO | | |
| G. | Buy-Sell Agreement, 2/24/93 | NO | | |
| H. | Hilt Statement, 6/22/93 | NO | | |
| 1. | Sorlie Invoice, 8/27/93 | NO | | |
| J. | Septic Permit Application | NO | | |

CODES FOR OBJECTION

1. REL = RELEVANCY
2. 403 = M.R.E. 403
3. FOUN = FOUNDATION
4. AUTH = AUTHENTICITY

5. BE = BEST EVIDENCE
6 OPIN = OPINION
7. HSAY = HEARSAY
a REFERENCES TO NUMBERS ABE TO THE M.R.E

DEFENDANTS' EXHIBIT LIST

Page 1

INSTRUCTION NO. _____

A seller's broker in a residential real estate transaction is under a duty to disclose facts materially affecting the value or desirability of the property which through reasonable diligence should be known to him.

Given: _____
District Judge

Defendants Barbara Ross, d/b/a Ross Realty and Lynne Piazzola's Proposed Jury Instruction No. _____

Source: *Easton v. Strassburger,* (Ca. 1984), 1199 Cal r 383, 390

**INSTRUCTION NO.** _____

The duty of a real estate agent, representing the seller, to disclose facts includes the affirmative duty to conduct a reasonably competent and diligent inspection of the residential property listed for sale and to disclose to prospective purchasers all facts materially affecting the value or desirability of the property that such an investigation would reveal.

Given: _____
                     District Judge

Defendants Barbara Ross, d/b/a Ross Realty and Lynne Piazzola's Proposed Jury Instruction No. _____

Source: *Easton vs. Strassburger*, (Ca. 11984), **1199** Cal. Rptr. 383, 390